UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BANK OF AMERICA, N.A., as successor to LaSalle Bank, N.A., as assignee from German American Capital Corp., Trustee for the Registered Holders of CD 2006-CD3 Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>EXTELL BOSTON PARKING LLC,<br><br>　　　　　　　　Defendant. | Civil Action No.: 10-10107 |

**VERIFIED COMPLAINT**

　　This is an action by Bank of America, N.A., as successor to LaSalle Bank, N.A., assignee from German American Capital Corp., the trustee for the registered holders of CD 2006-CD3, Commercial Mortgage Pass-Through Certificates ("Plaintiff" or "Lender") to establish and recover the indebtedness of the defendant, Extell Boston Parking LLC ("Extell" or "Defendant"), pursuant to the terms of a promissory note, loan agreement and a mortgage and security agreement made and delivered by the Defendant evidencing and securing a loan by the Lender in the original principal amount of $17,000,000.  Incidental thereto, the Lender seeks the appointment of a receiver to take control of the business and properties of the Defendant and to dispose of those properties to satisfy, in whole or in part, the indebtedness of the Defendant to the Lender.

## I. PARTIES, JURISDICTION AND VENUE

1. The Lender has a main office of business at 100 North Tryon Street, Charlotte, North Carolina.

2. Extell Boston Parking, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware and has a principle place of business at c/o Extell Development Company, 805 Third Avenue, 7th Floor, New York, New York. Extell also has a usual place of business at c/o Extell Development Company, One International Place, 14th Floor, Boston, Massachusetts.

3. This court may exercise subject matter jurisdiction because this is a suit between citizens of two different states and the amount in controversy exceeds the sum of $75,0000. Venue is appropriate in this judicial district because the real property that secures the indebtedness of the Defendant to the Lender is located in this judicial district.

## II. THE LENDER'S CLAIMS

4. On October 5, 2006, Lender entered into a loan arrangement with Defendant pursuant to the terms of a loan and security agreement. A copy of the loan and security agreement ("Loan Agreement") is annexed hereto as **Exhibit A**. The Defendant also executed and delivered a promissory note in which the Defendant agreed to pay to the Lender the sum of $17,000,000 in monthly installments of principal and interest. Under the terms of the promissory note, the entire principal balance and any unpaid interest and other charges is due and payable on August 31, 2021. A copy of the note ("Note") is annexed hereto as **Exhibit B**.

5. To secure the indebtedness of the Defendant to the Lender, the Defendant executed and delivered a mortgage and security agreement granting a first priority lien on the real and personal property of the Defendant located within the Commonwealth of Massachusetts.

BO1 16014265.2

-3-

A copy of the mortgage and security agreement ("Mortgage") executed by the Defendant is annexed hereto as **Exhibit C.**

6. Section 17.1(a)(i) of the Loan Agreement provides that it is an event of default under the Loan Agreement if the Defendant fails to make regular scheduled monthly payments of interest due under the Note on the applicable, specified payment date.

7. Defendant also executed and delivered a collateral assignment of leases and rents ("the Rent Assignment") whereby Defendant assigned to Lender all of Defendant's rights and interests in any rents or leases of the mortgaged property. Paragraph 3(b) of the Rent Assignment provides as follows:

> Any time after the occurrence of an Event of Default, Lender, without in any way waiving such Event of Default, at its option and without regard to the adequacy of the security for Obligations and the other obligations secured hereby and by any Loan Document, either in person or by agent or by a receiver appointed by a court, may enter upon and take possession of the Property (subject to the terms of any Leases) and have, hold, manage, lease and operate the same on such terms and for such period of time as Lender may deem proper . . . .

A copy of the Rent Assignment is annexed here as **Exhibit D.**

8. Defendant failed to make timely payments starting in August of 2009, and has failed to make its account current since that date. As a result of the Defendant's failure to timely make payments due under the Note, there has been an event of default under the Loan Agreement.

9. On September 17, 2009 Lender, by its counsel, gave notice of default, notice of the acceleration of the entire outstanding principal balance, and demanded that the indebtedness be paid immediately and in full. Notwithstanding such demand, Defendant failed to repay the entire indebtedness.

-4-

10. Pursuant to paragraph 10(h) of the Mortgage, Defendant agreed that, in the event of a default, Lender would be entitled to the appointment of a trustee or receiver, if required by Lender. The Rent Assignment further provides that Lender may, either directly or by a receiver appointed by a court, take possession of the mortgaged property and manage, lease and operate that property without regard for the adequacy of the security.

11. The Defendant leases the property to a garage operator to operate a parking garage facility. However, Defendant has failed to properly maintain the property and enforce its rights under its lease with the tenant. The Defendant has not properly monitored the tenant by obtaining required operating statements from the tenant, has not required that the tenant pay for electricity as required by the terms of the lease, and has allowed the tenant to overcharge for personnel expenses. The Defendant's failure to properly manage and supervise its tenant is causing a further deterioration in the value of Lender's collateral.

## COUNT I
### (For Breach of the Note)

12. Plaintiff repeats and reavers paragraphs 1 through 11 as though fully set forth herein.

13. Defendant has breached the terms of the Note by failing to pay monthly payments of interest due thereunder in a timely fashion and by failing to pay the principal balance after the loan was accelerated.

14. By virtue of the foregoing, Defendant is liable to Lender in the amount of $17,000,000, less any payments submitted by Defendant, together with interest and other charges and Lender's costs and attorneys' fees incurred in connection with Lender's enforcement of its rights and remedies.

BO1 16014265.2

-5-

## COUNT II
### (For The Appointment of the Receiver)

15. Plaintiff repeats and reavers paragraphs 1 through 14 as though fully set forth herein.

16. The Mortgage provides that Lender is entitled to the appointment of a receiver to manage, control, and dispose of the mortgaged property in the event of a default by Defendant. The Defendant's default under the Loan Agreement thus warrants the appointment of a receiver under Rule 66 of the Federal Rules of Civil Procedure.

17. By virtue of the foregoing, Lender requests that this court appoint a receiver to exercise such powers and duties as this court may direct.

## III. RELIEF REQUESTED

WHEREFORE, the plaintiff Bank of America, N.A., as successor to LaSalle Bank, N.A., assignee from German American Capital Corp., the trustee for the registered holders of CD 2006-CD3, Commercial Mortgage Pass-Through Certificates, demands:

1. With respect to Count I, that the court establish the indebtedness of Defendant Extell Boston Parking, LLC to Lender in an amount to be determined and order the Defendant to pay such amount to Lender, together with interest, costs and attorneys' fees;

2. That the court appoint John Ottenberg, Esquire or such other person as this court shall deem suitable, as the permanent receiver of the business and properties of Defendant with such powers and duties as this court shall determine; and

BO1 16014265.2

3. That the court grant such other and further relief as it deems just and appropriate.

Clifford D. Ogle
Vice President
J.E. Roberts Company, Special Servicer

BANK OF AMERICA

By its attorneys,

/s/ Peter S. Brooks
Peter S. Brooks (BBO No. 058980)
Dawn Mertineit (BBO No. 669988)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801
pbrooks@seyfarth.com

Dated: January 21, 2010

### VERIFICATION

Then personally appeared before me this 21 day of January, 2010, the above-named Clifford D. Ogle, by me known, who made oath that he has read the foregoing Verified Complaint and that the facts set forth therein are true of his own personal knowledge, except for such facts as are alleged to be based upon information and belief and that, as to those, he believes these facts to be true.


BENJAMIN T. MAJOR
Notary Public, State of Texas
My Commission Expires
July 21, 2010

Notary Public
My Commission Expires: July 21, 2010

BO1 16014265.2